**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000601
29-JUN-2020
08:09 AM**

NO. CAAP-17-0000601

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
CYNTHIA L. SHER, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CR. NO. 3FFC-17-0000064)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Plaintiff-Appellant State of Hawai'i (**State**) appeals from the "Order Granting Defendant's Motion to Dismiss For Penal Summons Issued Absent Probable Cause Supported By Oath or Affirmation, Complaint Lacking Supporting Affidavit, and Improper Arraignment" (**Dismissal Order**), entered on July 11, 2017, by the Family Court of the Third Circuit (**Family Court**).[1] The Dismissal Order dismissed the Complaint against Defendant-Appellee Cynthia L. Sher (**Sher**) without prejudice.

On February 13, 2017, the State filed the Complaint charging Sher with Abuse of a Family or Household Member, in

---

[1] The Honorable Aley K. Auna presided.

violation of Hawaii Revised Statutes (**HRS**) § 709-906(1) (2014 & Supp. 2019) (**Complaint**).  A penal summons was also issued to Sher.  Following Sher's appearance in court and a subsequent motion, the Family Court dismissed the Complaint without prejudice on the grounds that the Complaint was not signed by the complainant under oath or made by declaration under the rules of court, in violation of HRS § 805-1[2] and Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 5(b)(1).[3]

---

[2]  HRS § 805-1 (2014) provides:

> **Complaint; form of warrant.**  When a complaint is made to any prosecuting officer of the commission of any offense, the prosecuting officer shall examine the complainant, shall reduce the substance of the complaint to writing, and shall cause the complaint to be subscribed by the complainant under oath, which the prosecuting officer is hereby authorized to administer, or the complaint shall be made by declaration in accordance with the rules of court.  If the original complaint results from the issuance of a traffic summons or a citation in lieu of an arrest pursuant to section 803-6, by a police officer, the oath may be administered by any police officer whose name has been submitted to the prosecuting officer and who has been designated by the chief of police to administer the oath, or the complaint may be submitted by declaration in accordance with the rules of court. Upon presentation of the written complaint to the judge in whose circuit the offense allegedly has been committed, the judge shall issue a warrant, reciting the complaint and requiring the sheriff, or other officer to whom it is directed, except as provided in section 805-3, to arrest the accused and to bring the accused before the judge to be dealt with according to law; and in the same warrant the judge may require the officer to summon such witnesses as are named in the warrant to appear and give evidence at the trial.  The warrant may be in the form established by the usage and practice of the issuing court.

[3]  HRPP Rule 5(b)(1) provides, in relevant part:

> ARRAIGNMENT.  In the district court, if the offense charged against the defendant is other than a felony, the complaint shall be filed and proceedings shall be had in accordance with this section (b).  A copy of the complaint, including any affidavits in support thereof, and a copy of the appropriate order, if any, shall be furnished to the defendant. . . . When the offense is charged by complaint, arraignment shall be in open court, or by video conference when permitted by Rule 43.  The arraignment shall consist of the reading of the complaint to the defendant and

(continued...)

The State contends that the Family Court erred in dismissing the Complaint on the stated grounds.  The State argues that: (1) the Complaint complied with HRS § 805-1 and HRPP Rule 7 because it was signed by the prosecutor;[4] (2) an affidavit in support of the Complaint was not required under HRPP Rule 5(b)(1); and (3) a penal summons is distinguishable from a warrant, as a penal summons does not require a probable cause determination in accordance with HRPP Rules 5 and 9.[5]

Upon careful review of the record and briefs submitted by the parties and having given due consideration to the arguments and issues they raise, as well as the relevant legal

------

[3](...continued)
> calling upon the defendant to plead thereto. . . . The defendant may waive the reading of the complaint . . . at arraignment . . . .  In addition to the requirements of Rule 10(e), the court shall, in appropriate cases, inform the defendant of the right to jury trial in the circuit court and that the defendant may elect to be tried without a jury in the district court.

[4]  HRPP Rule 7(d) provides, in relevant part:

> **Nature and contents**.  The charge shall be a plain, concise and definite statement of the essential facts constituting the offense charged. . . .  A complaint shall be signed by the prosecutor.  The charge need not contain a formal conclusion or any other matter not necessary to such statement. . . . Formal defects . . . shall not be ground for dismissal of the charge or for reversal of a conviction if the defect did not prejudice the defendant.

[5]  HRPP Rule 9(a) provides, in relevant part:

> (1) SUMMONS.  Upon request of the prosecutor, the clerk shall issue a summons for a defendant named (i) in the complaint. . . .

> (2) WARRANT.  The court may order issuance of a warrant instead of a summons upon request of the prosecutor; provided however, that no warrant shall issue: (i) Upon a complaint unless it appears from the sworn complaint, or from affidavit(s) or declaration(s) filed with the complaint, that there is probable cause to believe that an offense has been committed and that the defendant has committed it. . . .

authority, we resolve the State's points of error as follows, and we vacate and remand.[6]

Sher argued, and the Family Court ruled, that the Complaint was fatally defective under HRS § 805-1 because it was not signed by the complainant under oath or made by declaration in accordance with the rules of court.  The State argues that the Complaint complied with HRS § 805-1 and HRPP Rule 7(d) because it was signed by the prosecutor.  This court recently examined this issue in State v. Thompson, No. CAAP-17-0000361, 2020 WL 1970772 (Hawaiʻi App. Apr. 24, 2020).  In Thompson, we considered the legislative intent of HRS § 805-1 and concluded the Family Court erred in dismissing the complaint on the ground that it was neither signed by the complainant under oath nor made by declaration in accordance with the rules of court.  Id. at *4-6.  This case has nearly identical facts as Thompson.

Here, as in Thompson, it is undisputed that Sher was served a copy of the Complaint and a penal summons, and appeared at Family Court for arraignment.  It is undisputed that the Complaint was not subscribed by a complainant under oath.  However, as in Thompson, we conclude the Family Court erred by dismissing the Complaint on the ground that it was neither signed by the complainant under oath nor made by declaration in accordance with the rules of court.  As Thompson held, a complaint is not fatally defective where there was no arrest warrant issued and the complaint was signed by the prosecutor in

---

[6]  As raised by Sher in her answering brief, the State's opening brief is deficient in regard to the requirements of Rule 28 of the Hawaiʻi Rules of Appellate Procedure (**HRAP**).  The State failed to identify the allegedly erroneous finding or conclusion of the Family Court in its points of error, and failed to provide citations to the record relied upon in the argument, in accordance with HRAP Rule 28(b)(4)(C) and 28(b)(7), respectively.  In addition, the State appended the incorrect order for an unrelated case instead of the Dismissal Order at issue in its appeal.  However, Hawaiʻi appellate courts seek to address appeals on the merits to the extent that we can discern the arguments raised.  See Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012).

compliance with HRPP Rule 7(d).  See Thompson, 2020 WL 1970772, at *5-6.

It is also undisputed that no affidavits or declarations in support of the Complaint were provided to Sher at arraignment.  Again, as in Thompson, the Complaint was not the basis for an arrest warrant and no arrest warrant was issued. Neither HRPP Rule 5(b)(1) nor HRPP Rule 9 required the State to furnish Sher with an affidavit under the circumstances.  The Family Court erred in dismissing the Complaint on the ground that no supporting affidavit was provided to Sher at the time of her arraignment.  See Thompson, 2020 WL 1970772, at *7.

Finally, the State argues that the Family Court erred in dismissing this case for lack of a probable cause determination and for considering a penal summons case similar to a case where an arrest warrant was issued.  As discussed in Thompson, HRPP Rule 9(a) distinguishes a penal summons from an arrest warrant and requires a probable cause showing for issuance of a warrant, but not for issuance of a penal summons.  Thompson, 2020 WL 1970772, at *7 (noting the complaint was not the basis for an arrest warrant, and no arrest warrant was issued).  Here, Sher was issued a penal summons, and not an arrest warrant. Hence, as in Thompson, we conclude the Family Court erred in dismissing the case for lack of a probable cause determination when none was required.[7]

Therefore, we vacate the "Order Granting Defendant's Motion to Dismiss For Penal Summons Issued Absent Probable Cause Supported By Oath or Affirmation, Complaint Lacking Supporting Affidavit, and Improper Arraignment," entered on July 11, 2017,

---

[7]  We note that the penal summons in this case states, in part: "If you fail to appear, a warrant of arrest shall be issued for you."  In making their arguments on appeal, neither party relies on or references this language in the penal summons.  Moreover, the record reflects that no arrest was made and no warrant was issued.  We therefore do not address any issue regarding this language in the penal summons.

by the Family Court of the Third Circuit.  We remand this case for proceedings consistent with this order.

DATED:  Honolulu, Hawaiʻi, June 29, 2020.

On the briefs:

Charles E. Murray, III,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge